**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

February 14, 2022

LETTER TO COUNSEL:

      RE:   *Samantha W. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-20-3689

Dear Counsel:

     On December 18, 2020, Plaintiff Samantha W. petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

     Samantha W. protectively filed her applications for DIB and SSI on October 18, 2018. Tr. 13. She alleged a disability onset date of April 4, 2017. *Id.* Her applications were denied initially and upon reconsideration. *Id.* Samantha W. requested an administrative hearing, and a telephonic hearing was held on July 22, 2020, before an Administrative Law Judge ("ALJ"). Tr. 34-61. In a written decision dated August 7, 2020, the ALJ found that Samantha W. was not disabled under the Social Security Act. Tr. 10-32. The Appeals Council denied Samantha W.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-7.

     The ALJ evaluated Samantha W.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Samantha W. had not engaged in substantial gainful activity since April 4, 2017, the alleged onset date. Tr. 15-16. At step two, the ALJ found that Samantha W. suffered from the following severe impairments: bipolar disorder, anxiety disorder, alcohol use disorder, cannabis use disorder, and benzodiazepine use disorder. Tr. 16-17. At step three, the ALJ found Samantha W.'s impairments, separately and in combination, failed to meet or equal in severity any listed

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On January 31, 2022, it was reassigned to me.

impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 17-20. The ALJ determined that Samantha W. retained the residual functional capacity ("RFC")

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember and carry out simple instructions and make simple work related decisions. Can work at a consistent pace throughout the workday but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas. Can tolerate occasional interaction with coworkers and supervisors and the public. Can tolerate occasional changes in work setting.

Tr. 20.

At step four, the ALJ determined that Samantha W. was unable to perform past relevant work. Tr. 25. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Samantha W. can perform, including "marker," "checker I," "laundry laborer," and "packer-agricultural produce." Tr. 25-26. Accordingly, the ALJ found that Samantha W. was not disabled under the Social Security Act. Tr. 26.

Samantha W. argues that this case must be remanded for further proceedings because (1) the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions; (2) the ALJ did not explain how, despite her moderate limitation in concentrating, persisting, or maintaining pace, she would be able to remain on task for 90% of an eight-hour workday; and (3) the ALJ did not properly evaluate her subjective complaints. ECF No. 14-1 at 3-13. For the reasons discussed below, however, these arguments are without merit.

Samantha W. first argues that the ALJ failed to provide a narrative discussion stating how the evidence of record supported each conclusion. ECF No. 14-1 at 10-12. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

The ALJ's decision contains a detailed discussion of the evidence of record, including Samantha W.'s subjective reports of her condition over time, her reported daily activities, treatment notes containing observations of her condition over time, and medical opinions. Tr. 21-24. In addition to summarizing the evidence and explaining the weight that the ALJ assigned

to it, the ALJ also explained how the evidence translated into the ALJ's RFC determination. *Id.* Contrary to Samantha W.'s argument, the ALJ's explanation is sufficient for this Court to conduct its review. Because the ALJ explained how she weighed and considered the evidence, and because substantial evidence supports the ALJ's findings, Samantha W.'s argument on this point is without merit.

Samantha W. next maintains that the ALJ failed to explain how, despite her moderate limitation in concentrating, persisting, or maintaining pace, she would be productive or remain on task for 90% of an eight-workday. ECF 14-1 at 12-13. As part of the step three analysis, the ALJ found that Samantha W. had a moderate limitation in concentrating, persisting, or maintaining pace. Tr. 18-19. The VE testified that an employer's tolerance for an employee's being off task is 10% of an eight-hour workday. Tr. 59. The ALJ, however, did not ultimately include such a limitation in Samantha W.'s RFC. "Indeed, the 'ALJ is not required to accept the vocational expert's opinion for a hypothetical based on limitations that the ALJ did not include in the [residual functional capacity].'" *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087, at *13 (E.D. Va. Feb. 10, 2021) (alteration in original) (quoting *Prim v. Colvin*, No. 7:14CV00135, 2015 WL 4757104, at *4 (W.D. Va. Aug. 11, 2015)), *report and recommendation adopted*, No. 3:20CV65, 2021 WL 744149 (E.D. Va. Feb. 25, 2021); *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ found that Samantha W. "[c]an work at a consistent pace throughout the workday but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas" (Tr. 20), which accounts for her moderate limitation in concentrating, persisting, or maintaining pace. *See Robert H. v. Kijakazi*, Civil No. TJS-20-2670, 2021 WL 6135564, at *2 (D. Md. Dec. 29, 2021) (determining that RFC assessment limiting claimant to work that, *inter alia*, "would not require a fast pace or production quotas such as would customarily be found on an assembly line" accounted for claimant's limitations in concentration, persistence, and pace); *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *2 (D. Md. Sept. 15, 2021) (Gallagher, J.). "Accordingly, the ALJ did not err by failing to explain how [Samantha W.] possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday with only a [ten] percent loss of productivity, because the ALJ did not make such a finding." *Brian S.*, 2021 WL 748087, at *13.

Last, Samantha W. argues that the ALJ did not properly evaluate her subjective complaints. ECF No. 14-1 at 3-7. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other

disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Samantha W.'s subjective complaints. The ALJ first found that Samantha W.'s severe impairments could reasonably be expected to produce her alleged symptoms. Tr. 21. The ALJ then proceeded to consider Samantha W.'s allegations in concert with the other evidence in the record, including Samantha W.'s statements about her symptoms over time, the extent of her daily activities, and the objective evidence in the record. Tr. 22-24. In considering the totality of the evidence, the ALJ explained her finding that Samantha W.'s statements about the severity of her symptoms could not be completely reconciled with other persuasive evidence. *Id.* Weighing all of the evidence, the ALJ found that Samantha W.'s impairments are not disabling and that she can perform work with the limitations contained in the RFC. In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence supports the ALJ's evaluation of Samantha W.'s subjective complaints. *See id.* at 658; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam).

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Samantha W.'s Motion for Summary Judgment (ECF No. 14) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 16) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge